UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 16-cr-1503-(3) L |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO FIRST STEP ACT, 18 U.S.C. § 3582(c)(1)(A)(i) [ECF NO. 125]** |
| JAIME IGNACIO JIMENEZ, | |
| Defendant. | |

On August December 8, 2020, Defendant, Jaime Ignacio Jimenez, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) requesting modification of his custodial sentence to time-served, with home confinement if the Court deemed it appropriate, and for his three-year term of supervised release to begin upon his release in light of the health risks associated with remaining incarcerated during the COVID-19 pandemic. (Motion [ECF No. 125.]) The Government filed a Response and Opposition to the Motion on January 13, 2021. (Oppo. [ECF No. 129.]) Defendant's Motion is denied for the following reasons.

I.   **BACKGROUND**

On September 22, 2016, Defendant pleaded guilty to Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. On January 16, 2018, the Court sentenced Jimenez to 70 months' imprisonment and three years of supervised release.

Defendant is incarcerated at Reeves County Detention Center I/II and has served about 36 months of the original sentence. Jimenez filed a request for compassionate release with the warden on October 14, 2020. (Motion at 13). The request was denied on October 25, 2020, with a finding that Jimenez was ineligible for a sentence reduction in part because he has "an Active Immigration Customs Enforcement Detainer – If an inmate has an ICE Detainer… the inmate is ineligible for community based programs to include halfway house, home confinement, and compassionate releases…" (*Id*. at 14).

## II.  ANALYSIS

### A. *Exhaustion of Administrative Remedies*

The First Step Act was enacted in December 2018, with the stated intention of increasing the availability and use of compassionate release for certain individuals, and paved the way for defendants to file compassionate release motions directly with the court, as opposed to relying on the BOP to file those motions on their behalf. *See* Pub. L.No. 115-391 § 603(b)(titled "INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE")  Under 18 U.S.C. § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub. L.No. 115-391, 132 Stat. 5194, §603.

Defendant satisfied the administrative exhaustion requirement of § 3582(c)(1)(A) because he filed the present motion after thirty days elapsed from the time he presented the petition to the warden. Accordingly, the Court turns to the merits of the petition.

### B. *Extraordinary and Compelling Reasons*

A court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any

other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The Sentencing Commission policy statement includes an application note that specifies the criteria that qualify as "extraordinary and compelling reasons."  First, a defendant who is suffering from a terminal illness, such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia" may qualify.  U.S.S.G. § 1B1.13, cmt. n.1 (A)(i).  Second, a defendant can meet the standard if he or she is:

> (I)   suffering from a serious physical or medical condition,
> (II)  suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13, cmt. n.1(A)(ii). Third, a defendant may qualify on the basis of age if he or she is (1) at least 65 years old; (2) experiencing "a serious deterioration in physical or mental health because of the aging process"; and (3) has served at least 10 years or 75% of the sentence, whichever is less.  U.S.S.G. §1B1.13, cmt. n.1(B).  Fourth, certain family circumstances may be considered extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1(C). Last, the Commission provides that the BOP may identify "other reasons" that qualify as "extraordinary and compelling" reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D).

Defendant contends that he was moved from FCI Taft to Reeves County Detention Center I/II in Texas, which has one of the highest COVID rates among prisoners, without appropriate Personal Protective Equipment ("PPE") and physical distancing. (Mot. at 4-5).  The housing unit at Reeves has insufficient facilities to allow social distancing in accordance with COVID protocols, and as a result, Defendant claims he suffered

symptoms consistent with COVID. (Id. at 5). He contends he was not medically assessed or treated. (*Id*. at 6). Defendant contends that his age (54) along with his documented hypertension and umbilical hernia, puts him at higher risk for suffering serious symptoms or even death if he contracts COVID-19 again, and constitute extraordinary and compelling reasons for granting the requested relief. (*Id*. at 6-7). He further notes that he is not a danger to the community and § 3553(a) factors warrant a sentence reduction. (*Id*. at 9).

The Government counters that the Court should deny Defendant's Motion because his medical conditions - mild hypertension and an umbilical hernia - do not qualify as "extraordinary and compelling" reasons to grant relief. (Oppo. at 17). Although the CDC has listed hypertension as a condition that might create an increased risk, the Government contends that Defendant's mild hypertension, as distinguished from pulmonary hypertension, is well managed with medication by the BOP. (*Id*. at 18). Moreover, the Government argues that the § 3553(a) factors weigh against his release because he has served only half the sentence ordered by this Court, and Defendant is subject to an ICE detainer which makes him ineligible for home confinement, along with potentially exposing him to a higher infection rate in an immigration facility. (*Id*. at 20-21).

The Court recognizes that COVID-19 has created a serious health threat across the globe, throughout the United States, and particularly in the confined conditions of the BOP system. Although prisons have become a hotspot for COVID-19 outbreaks, the BOP has taken stringent precautions to limit the spread of COVID-19 in its facilities, implementing detailed protocols beginning March 13, 2020, which are updated frequently, in accordance with its Coronavirus (COVID-19) Action Plan. The Action Plan calls for limited inmate movement within facilities, required face-coverings, handwashing, and quarantine for newly admitted individuals or those returning from

court hearings.[1]  Despite these efforts, the confined spaces of correctional facilities have made it impossible to prevent all transmission of the virus.  As of the present time Reeves County Detention Center I/II, reports that one inmate is infected and no staff members have tested positive.[2]

It appears from medical documents that Defendant suffers from mild hypertension, along with an umbilical hernia.  (Ex. 1. [ECF No. 132.])   The CDC guidance for COVID-19 states that persons with hypertension "might be at an increased risk" for severe illness but distinguishes that persons with pulmonary hypertension are at increased risk.[3]  Defendant's medical records demonstrate that his mild hypertension is regulated with medication and he has had no acute episodes.  *(Id.)*  Further, the CDC guidance does not include an "umbilical hernia" as a condition which increases the likelihood of severe illness from the virus that causes COVID-19.

Defendant believes he contracted COVID while incarcerated, however that finding was not confirmed.  If he did have COVID-19, he has since recovered, a fact the Court weighs when considering whether to grant a request for compassionate release.  *See United States v. Jordan*, No. 18CR4496-GPC (S.D. Cal. November 5, 2020). Of course, the fact that Defendant believes he recovered from COVID-19, does not remove the danger if he becomes re-infected or relapses. Much is unknown about the virus, but at this time the CDC believes a person who has tested positive can become re-infected, or relapse.[4]  Taken in sum, Defendant's mild hypertension, umbilical hernia, and Defendant's self-reported recovery from a possible case of COVID, do not "substantially

---

[1] *See* https://www.bop.gov/coronavirus/covid19_status.jsp.

[2] *See* https://www.bop.gov/coronavirus/index.jsp.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Patients-with-Persistent-or-Recurrent-Positive-Tests.

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G § 1B1.13, cmt. n.1(A)(ii). For the foregoing reasons, Defendant has not met his burden to demonstrate "extraordinary and compelling" reasons warrant relief under 18 U.S.C. §3582 and U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

### C.  Danger to the Community and § 3553(a) Factors

Even if Defendant could demonstrate "extraordinary and compelling reasons" that weigh in favor of granting the Motion, the Court must consider whether there is a danger to "any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and must weigh the § 3553(a) factors. 18 U.S.C. § 3582.  Among those factors are the nature and circumstances of the offense charged, the person's "history relating to drug or alcohol abuse, [and] criminal history," and "whether, at the time of the current offense or arrest, the person was on probation, [or] on parole." 18 U.S.C. § 3142(g)(1), (3)(A), (B).

Defendant was convicted in the present case for conspiracy to distribute cocaine, a dangerous controlled substance. The instant arrest was the fourth time Defendant reportedly unloaded and loaded drugs.  It was a large amount of drugs involved in the instant offense. He has approximately fifty percent of his sentence yet to serve, a factor many courts have considered when denying a request for compassionate release, even when extraordinary and compelling reasons existed.  See *See, e.g., United States v. Ortiz*, No. 18CR2063-BAS (S.D. Cal. Sep. 11, 2020) (Dkt. No. 63) (granting release after just 15 months of 77-month sentence to Lompoc inmate with Type 2 diabetes, obesity, and hypertension who was convicted of drug offense "would create unwarranted disparities with other defendants with similar criminal backgrounds" and defendant already "received a substantial downward departure"); *United States v. Ramirez,* No. 18CR3623-MMA (S.D. Cal. Jul. 16, 2020) (Dkt. No. 61) (granting release after 24 months of 72-month sentence to Victorville inmate with COPD and asthma who was convicted of drug offense "would strip the sentence of its deterrent effect and deny Defendant continued access to beneficial correctional programs and treatment"); *United States v. Clews,* No. 17CR145-DMS (S.D. Cal. Jun. 30, 2020) (Dkt. No. 180) (sentence reduction after less

than 24 months of 168-month sentence for 55 year old inmate convicted of child porn who had COPD, diabetes, and hypertension would detrimentally "promote disrespect for the law" and deny Defendant of needed correctional treatment); *United States v. Diaz-Diaz*, No. 15CR2982-BAS (S.D. Cal. Sep. 3, 2020) (Dkt. No. 79) ("the § 3553(a) factors in this case militate against granting compassionate release" for Terminal Island inmate convicted of drug and firearm offenses; although he was obese and had hypertension, he had served only 39 months out of 78-month sentence).

Although Defendant appears to be a devoted family man with little criminal history prior to the instant offense, granting him time-served would create disparities with other Defendants who committed similar crimes, and would remove the deterrent effect of the sentence. Further, an ICE detainer is pending for Defendant upon his release, which means Defendant will likely be deported. As a result, the Court cannot order home confinement even if extraordinary and compelling reasons justified his release. In light of the seriousness of the offense for which Defendant pled guilty, and the fact that he has served only half of his custodial sentence, the Court finds that a reduction in sentence is not supported under the § 3553(a) factors.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) without prejudice.

**IT IS SO ORDERED**

Dated: February 1, 2021

Hon. M. James Lorenz
United States District Judge